PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ZOILO FELIÚ, Defendant and Appellant.

No. 5449.   Argued June 15, 1934.—Decided June 20, 1934.

*Juan B. Soto* for appellant.   *R. A. Gómez, Prosecuting Attorney,*
for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Zoilo Feliú appeals from a judgment whereby he was
convicted of malicious mischief.

The evidence shows that the appellant occupied a house
in Santurce as lessee towards the end of the year 1932. In
the middle of December of said year the house was conveyed
to another person and the new owner inspected the house
and found that it had a complete sanitary installation and
that the premises were in good condition. At that time Feliú
stated that no part of the house belonged to him, but when
he vacated the premises during the early part of the follow-
ing January he removed a washstand from its place, a sink
from the kitchen and the corresponding pipe lines. The

water-closet had been removed by him and was found on the floor in pieces. To a policeman who had been requested to witness the facts, Feliú stated that he had removed the fixtures because they belonged to him.

The prosecuting attorney offered in evidence at the trial a private document according to which the defendant had leased the house from the previous owner on November 30, 1929, for a term of two years, and the contract contained a clause whereby all improvements made by the lessee on the house were to become the property of the landlord. Appellant objected to the admission of said document on the sole ground that said contract had expired, and his first assignment of error for a reversal of the judgment is based on that ground.

Although it is true that said contract expired on November 30, 1931, however, as the lessee continued to occupy the premises after said date, by operation of law there was an implied renewal of said contract according to Section 1469 of the Civil Code, for which reason the contract was still in force, and was admissible in evidence.

As a result of the said renewed contract the improvements made on the house by the lessee belonged to the owner of the house, and if said sanitary fixtures were installed in the house by the lessee, the latter had no right to remove them from their place or to carry them away. There was no evidence offered by appellant to prove that he installed said apparatus in the house.

For the reasons stated, the lower court did not err in finding that the accused had committed the mischief charged and that he was responsible therefor.

The judgment appealed from must be affirmed.